1   **WO**

2

3

4

5

6           **IN THE UNITED STATES DISTRICT COURT**

7           **FOR THE DISTRICT OF ARIZONA**

8

9   Siearra Marie Ray Detlef,                          No. CV-23-01573-PHX-MTL

10                      Plaintiff,                      **ORDER**

11  v.

12  Gideon Addai Poku, et al.,

13                      Defendants.

14

15          Before the Court is *pro se* Plaintiff Siearra Marie Ray Detlef's Application to

16  Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). For the following

17  reasons, the Court exercises its authority under 28 U.S.C. § 1915(e)(2) and dismisses

18  Plaintiff's Complaint with leave to amend.

19  **I.      IFP APPLICATION**

20          Plaintiff's Application indicates that Plaintiff has insufficient funds to prepay the

21  filing fee for this action. Accordingly, Plaintiff's Application (Doc. 2) is granted.

22  **II.     STATUTORY SCREENING OF IFP COMPLAINTS**

23          The Court is required to screen complaints brought in forma pauperis.[*] 28 U.S.C.

24  § 1915(e)(2). The Court must dismiss a Complaint, or portion thereof, if a plaintiff has

25  raised claims that are legally frivolous or malicious, that fail to state a claim upon which

26  relief may be granted, or that seek monetary relief from a defendant who is immune from

27  such relief. *Id.*

28  _____

[*] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

1    A pleading must contain a "short and plain statement of the claim showing that the

2    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed

3    factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-

4    harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals

5    of the elements of a cause of action, supported by mere conclusory statements, do not

6    suffice." *Id.*

7    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

8    claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

9    550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content

10   that allows the court to draw the reasonable inference that the defendant is liable for the

11   misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for

12   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

13   experience and common sense." *Id.* at 679.

14   The Ninth Circuit has instructed that courts must "continue to construe pro se filings

15   liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro

16   se individual] 'must be held to less stringent standards than formal pleadings drafted by

17   lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

18   Conclusory and vague allegations, however, are not sufficient to support a motion to

19   dismiss. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

20   A liberal interpretation may not supply essential elements of the claim that were not

21   initially pled. *Id.*

22   **III.   DISCUSSION**

23   Although difficult to decipher, it appears that Plaintiff's Complaint alleges the

24   following violations: 42 U.S.C. § 1983; 18 U.S.C. § 242; 18 U.S.C. § 245; 42

25   U.S.C. § 3631; 42 U.S.C. § 14141 for "coercive sexual conduct, sexual extortion,

26   malfeasance, abuse of authority, wrongful removal of a child, PL 118.1, [and] color of

27   law." (Doc. 1 at 4.)  Pursuant to Rule 8, Plaintiff must provide a short and plain statement

28   of her claims.   Plaintiff lists alleged violations and does not specifically provide

1   information regarding how her alleged federal constitutional or statutory rights were

2   violated in relation to her descriptions of alleged events.

3       Even with the most liberal review, Plaintiff's Complaint falls far short of satisfying

4   the requirements of Federal Rule of Civil Procedure 8. The Court will dismiss the

5   Complaint with leave to amend. *See Myers-Armstrong v. Actavis Totowa, LLC*, 382 F.

6   App'x 545, 547 (9th Cir. 2010) (affirming dismissal for failure to state a claim in part

7   because the complaint gave "no notice of the alleged illegal act and, therefore, fail[ed] to

8   satisfy Federal Rule of Civil Procedure 8(a), because it [did] not set forth 'a short plain

9   statement of the claim showing that the pleader is entitled to relief.'"); *see also Kennedy v.*

10  *Andrews*, No. CV052692PHXNVW, 2005 WL 3358205, at *3 (D. Ariz. 2005) (dismissing

11  the complaint, in part, after conducting an in forma pauperis screening because the

12  complaint failed to comply with Rule 8).

13  **IV.    LEAVE TO AMEND**

14      Plaintiff will be given an opportunity, if she so chooses, to amend her Complaint to

15  make clear her allegations in short, plain statements with each claim for relief identified in

16  separate sections. In the amended complaint, Plaintiff must write out the rights she believes

17  were violated, the name of the person and/or entity who violated the right, exactly what

18  that individual or entity did or failed to do, how the action or inaction of that person and/or

19  entity is connected to the violation of her rights, and what specific injury she suffered

20  because of the other person and/or entity's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371–

21  72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count.

22  **V.    CONCLUSION**

23      Accordingly,

24      **IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court

25  Without Prepaying Fees or Costs (Doc. 2).

26      **IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1) with

27  leave to file an amended complaint no later than October 25, 2023.

28      **IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended

1 complaint by October 25, 2023, the Clerk shall dismiss this action without further order of

2 this Court.

3      **IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended Complaint,

4 the Complaint may not be served until and unless the Court screens the amended Complaint

5 pursuant to 28 U.S.C. § 1915(e)(2).

6      Dated this 4th day of October, 2023.

7

8

9                    Michael T. Liburdi

10                    Michael T. Liburdi
                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28